UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YAN SIMAS FERREIRA, individually, and
MARIO VITIGLIANO, individually,

                              Plaintiffs,

    -against-

COUNTY OF SUFFOLK, SUFFOLK POLICE
DEPARTMENT, SUFFOLK COUNTY POLICE
OFFICER JOHN DOE #1, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER JOHN DOE #2, in his individual and
official capacity; SUFFOLK COUNTY POLICE
OFFICER JOHN DOE #3, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER JOHN DOE #4, in his individual and
official capacity; SUFFOLK COUNTY POLICE
OFFICER JOHN DOE #5, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER JOHN DOE #6, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER JANE DOE #1, in her individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER JANE DOE #2 in her individual and
official capacity

                              Defendants.

**ANSWER TO
AMENDED COMPLAINT**

19-cv-02101(SJF)(ARL)

**JURY TRIAL DEMANDED**

      Defendants, County of Suffolk and Suffolk County Police Department, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiffs' amended complaint respectfully:

      1.     Deny the allegations contained in paragraph numbered 1 of the amended complaint, and refer all questions of law to the Court.

1

2. Aver that the allegations contained in the paragraphs numbered 2, 3, 4, 5 and 7 of the amended complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict

proof thereof and to deny any conduct giving rise to any cause of action thereunder.

3. Deny, upon information and belief, the allegations contained in the paragraphs numbered 6, 21, 22, 23, 24, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97 and 98 of the amended complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs numbered 8 and 9 of the amended complaint, except admit receipt of a purported notice of claim, and refer all questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75 and 76 of the amended complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Answering the paragraph numbered 99 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

7. Deny, upon information and belief, the allegations contained in the paragraphs numbered 100, 101, 102, 103, 104, 105 and 106 of the amended complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

8.   Answering the paragraph numbered 107 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9.   Deny, upon information and belief, the allegations contained in the paragraph numbered 108, 109, 110, 111, 112 and 113 of the amended complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

10.   Answering the paragraph numbered 114 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11.   Deny, upon information and belief, the allegations contained in the paragraphs numbered 115, 116, 117, 118, 119, 120 and 121 of the amended complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

12.   Answering the paragraph numbered 122 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

13.   Deny, upon information and belief, the allegations contained in the paragraphs numbered 123, 124, 125, 126, 126, 128 and 129 of the amended complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

14. Answering the paragraph numbered 130 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

15. Deny, upon information and belief, the allegations contained in the paragraphs numbered 131, 132, 133, 134, 135 and 136 of the amended complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

16. Answering the paragraph numbered 137 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

17. Deny, upon information and belief, the allegations contained in the paragraphs numbered 138, 139, 140, 141, 142, 143 and 144 of the amended complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

18. Answering the paragraph numbered 145 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

19. Deny, upon information and belief, the allegations contained in the paragraphs numbered 146, 147, 148, 149, 150 and 151 of the amended complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

20. Answering the paragraph numbered 152 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

21. Deny, upon information and belief, the allegations contained in the paragraphs numbered 153, 154, 155, 156, 157 and 158 of the amended complaint.

## AS AND FOR A NINTH CAUSE OF ACTION

22. Answering the paragraph numbered 159 of the amended complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

23. Deny, upon information and belief, the allegations contained in the paragraphs numbered 160 and 161 of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. That the amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of

any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31. That this Court should not proceed in the absence of parties who are indispensable to the determination of this action, which parties plaintiffs have failed to join.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32. That defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiffs had committed a crime and/or offense.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

34. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

35. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

36. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

37. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39. That the Suffolk County Police Department is not an entity susceptible to suit.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40. This claim is barred by the Intra-Corporate Conspiracy doctrine.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
      May 14, 2019

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for County of Suffolk and
Suffolk County Police Department
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By: */s/ Arlene S. Zwilling*
     Arlene S. Zwilling
     Assistant County Attorney

TO:

Lee R. Pearlman, Esq.
Pearlman Advocates for Underrepresented Clients, PLLC
54 Blydenburgh Road
Centereach, New York 11720