UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YAN SIMAS FERREIRA, individually, and
MARIO VITIGLIANO, individually

    Plaintiffs,

v.

COUNTY OF SUFFOLK, SUFFOLK POLICE
DEPARTMENT, SUFFOLK COUNTY POLICE
OFFICER DETECTIVE JESSE ZUCKERMAN,
in his individual and official capacity, SUFFOLK
COUNTY POLICE OFFICER DETECTIVE
TIMOTHY DRAKE, in his individual and official
capacity; SUFFOLK COUNTY POLICE OFFICER
TIMOTHY J. GINAS, in his individual and official
capacity, SUFFOLK COUNTY POLICE OFFICER
JEFFREY J. MOTT, in his individual and official
capacity; SUFFOLK COUNTY POLICE OFFICER
CHRISTIAN ADAMSON, in his individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER SGT, CHRIS D. CARRANO, in his
individual and official capacity, SUFFOLK COUNTY
POLICE OFFICER AMANDA WITTERMANN, in
her individual and official capacity, SUFFOLK
COUNTY POLICE OFFICER AUDREY SCHLOTE,
in her individual and official capacity,

    Defendants.

Case No. 2:19-cv-02101-GRB- JMW

PRETRIAL ORDER

## PRETRIAL ORDER

This matter is before the Court at a Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

### PLAINTIFF(S)' COUNSEL:

Lee R. Pearlman, Esq
54 Blydenburgh Road
Centereach, New York 11720
(T.) 516.353.8481
Email Address: leerpearlmanesq@aol.com

1

**DEFENDANT(S)' COUNSEL:**

Dennis M. Cohen
Suffolk County Attorney
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
By: Arlene S. Zwilling, Assistant County Attorney
    (631) 853-4055
    Arlene.Zwilling@suffolkcountyny.gov

## 1. JURISDICTION

    A. This is an action for monetary damages.

    B. The jurisdiction of this Court is not disputed.

    C. Jurisdiction is based upon 42 U.S.C. §1983 for deprivation of Plaintiffs' civil rights in violation of the Fourth (4th) Amendment guaranteeing their right to be free from unlawful search and seizure and the use of excessive force by public officials, and in violation of the Fourteenth (14th) Amendment guaranteeing Plaintiffs equal protection under the law.

## 2. CLAIMS & DEFENSES THAT REMAIN TO BE TRIED

A. Claims. Plaintiff hereby withdraws any claim against defendant Audrey Schlote and any claim alleging an improper Internal Affairs Bureau investigation. All other claims remain to be tried. See 1. C., infra.

The Plaintiffs' Monell claim is premised upon the improper and substandard supervision and training of the defendant officers, particularly in the area of community and racial relations, in so far as there was not training instructing the officer defendants not to use the words "nigger" and "spic" when addressing members of the public which led to defendants' motivations for

their actions depriving plaintiffs of equal protection under the law and also led to the improper stop based upon racial bias, and that the County condoned and had a policy and practice of encouraging, not punishing and covering up police brutality from the head of the Police Department and the District Attorney's office, which constituted a policy that encouraged and condoned the Defendant officers to engage in police brutality, and physical violence against plaintiffs and the use of inappropriate racial epithets against plaintiffs and to cover up about these actions. That training inadequately of police by the County amounts to deliberate indifference to the rights of persons with whom the police come into contact and its policies were the "moving force [behind] the constitutional violation." The County's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants such that the shortcoming is properly thought of as a city "policy or custom" that is actionable under § 1983.

B. Defenses.

1) That the complaint fails to state a claim upon which relief can be granted.

2) That the damages sustained by plaintiffs, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

3) That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

4) That simultaneously with commencement of this action, plaintiff commenced a factually identical action in the New York State Supreme Court.

5) That defendants' actions, if any, were justified by the facts and circumstances presented.

6) That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

7) That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

8) That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

9) That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

10) That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

11) That defendant took plaintiff into custody pursuant to a civilian arrest after identification, in accordance with statutory mandate.

12) That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**3. Jury Trial. Number of trial days needed 5.**

**4. UNCONTROVERTED FACTS**

The following facts are not disputed or have been agreed to or stipulated by the parties:

During their interaction with plaintiffs, individual defendants were acting under color of state law.

**5. WITNESSES**

 **Plaintiffs' witnesses:**

A. Expert Witnesses: None.

B. Non-Expert witnesses: (i) Plaintiff Yan Simas Ferreira; live (ii) Mother of Plaintiff Yan Simas Ferreira; live (iii) Plaintiff Mario Vitigliano; live (iv) Mother of Plaintiff Mario Vitigliano; live (v) Angel Riviera; live (vi) Mother of Angel Riviera; live (vii) live witnesses to authenticate the videotapes of the stop, unless their admission into evidence is agreed to or stipulated by the parties; (viii) Defendant Zuckerman-live; (ix) Defendant Drake-live; (x) Audrey Schlote; live; (xi) witness from defendant to authenticate all exhibits created and maintained by defendants in the ordinary course of business/governmental activities.

**Defendants Witnesses:**

1. Expert witnesses: None

2. Non-Expert witnesses:

Defendants do not intend to call any witnesses other than the parties themselves.

**6. Deposition testimony to be offered.**

**Plaintiff** anticipates only using deposition testimony for impeachment purposes only.

Defendants reserve their right to use deposition testimony for impeachment and all other purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**7. EXHIBITS:**

Plaintiff's Exhibits:

A. Plaintiff's Notice of Claim offered not for the truth of the matters asserted therein but solely to establish plaintiffs' compliance with the statutory requirement of filing, unless stipulated ---objection on grounds of irrelevance and confusion.

B. Plaintiffs' testimony at General Municipal law 50 (h) hearing offered not for the truth of the matters asserted therein but solely to establish plaintiffs' compliance with the statutory requirement of filing, unless stipulated----objection on grounds of hearsay and improper bolstering.

C. Videos taken of the scene of the stop by two local stores----objection on grounds of authenticity.

D. Audio recording of Plaintiff Mario Vitigliano's 911 phone call made just prior to the stop and continuing during the stop, recording was made by defendant---objection on grounds of authenticity.

E. Audio taken of Plaintiff Yan Simas Ferreira by Internal Affairs.

F. Audio taken of Plaintiff Mario Vitigliano by Internal Affairs.

G. Entire file of Internal Affairs pertaining to this matter---objection on grounds of irrelevance and confusion.

**Defendants' Exhibits:**

In addition to those items listed in plaintiffs' list of exhibits, which defendants reserve the right to offer in evidence if not received as plaintiffs' exhibits, defendants intend to offer the following items in evidence:

1) Suffolk County Police Department Communications Bureau recordings related to incident. Plaintiffs do not object.

8. The parties have not consented to trial of the case by a magistrate judge.

**IT IS ORDERED** that the Pretrial Order may be modified at the time of trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such

modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFFS

_____
ATTORNEY FOR DEFENDANTS